# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                          |     |                           |
| ------------------------ | --- | ------------------------- |
| STATE OF DELAWARE,       | )   |                           |
|                          | )   |                           |
| Plaintiff,               | )   |                           |
|                          | )   |                           |
|                          | )   |                           |
|                          | )   |                           |
| v.                       | )   | Cr. ID. No. 1802010869    |
|                          | )   |                           |
|                          | )   |                           |
| KIREE WISE               | )   |                           |
|                          | )   |                           |
| Defendant.               | )   |                           |

Submitted: December 12, 2018
Decided: December 21, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Joseph Grubb, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Kiree Wise, *pro se*

**MAYER,** Commissioner

This 21st day of December, 2018, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

On November 21, 2018, Kiree Wise ("Defendant") executed a Plea Agreement and Truth-in-Sentencing Guilty Plea Form, and agreed to Immediate Sentencing.[1] Through the Plea Agreement, Defendant understood the State would seek a declaration that Defendant qualified as a habitual offender under 11 Del. C. §4214(a), and that the State would recommend Level V time, suspended for Level III probation. The Immediate Sentencing Form advised Defendant that the State intended to rely on the prior violent felonies of Aggravated Possession Tier 1 ("AP") and Carrying a Concealed Deadly Weapon ("CCDW"), as well as the non-violent felony conviction of Noncompliance with Bond Conditions ("NCBC"). The Truth-in-Sentencing Guilty Plea Form put Defendant on notice that the possible penalty could be 18 years to life imprisonment at Level V. Defendant was sentenced to Level V time, suspended immediately for probation.

On December 12, 2018, Defendant filed a Motion for Postconviction Relief,[2] presenting three arguments: ineffective assistance of counsel, abuse of discretion by

---

[1]  *See* D.I. # 41.

[2]  D.I. # 43.

the trial court, and illegal sentence. Defendant's claims may be summarized as follows: (1) trial counsel was ineffective for failing to advise him that his sentence was illegal because "counsel in fact knew that I did not fit the criteria for Habitual Offender under "4214(A)" as Carrying a Concealed Deadly Weapon (2011) is not a violent felony;" (2) the trial court abused its discretion because the court "knew CCDW (2011) was in fact not a violent felony and I should have not been sentenced [sic] Habitual Offender 4214(A);" and (3) for the reasons set forth in the previous arguments, his sentence was illegal. All of the claims are premised on Defendant's belief that he should have been advised by counsel, or the Court should have recognized, that his previous conviction of CCDW is not a "violent felony" that may be relied upon to establish a defendant is a habitual offender pursuant to 11 Del. C. §4214. Defendant's legal arguments, entirely premised on this faulty theory, are meritless and the Motion should be summarily dismissed.

## LEGAL CONCLUSION

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[3] This is Defendant's first motion for post-conviction relief and it was timely filed.[4]

---

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[4] *See* Super. Ct. Crim. R. 61(i)(1) (a motion pursuant to Rule 61 must be filed within one year of when the conviction becomes final).

3

Pursuant to Super. Ct. Crim. R. 61(i)(4) any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. Although titled differently, all of the claims challenge the Court's Order finding Defendant met the qualifications to be declared a Habitual Offender and are therefore barred by Super. Ct. Crim. R. 61(i)(4) as formerly adjudicated. Where a procedural rule bars the claim(s), the Court should not consider the merits of the postconviction motion.[5] Furthermore, to the extent Defendant argues his sentence was illegal, Rule 61 is not the proper mechanism for relief, rather a motion to correct an illegal sentence should be raised under Rule 35.[6]

Even if the Court were to disregard the procedural bar, it plainly appears from the Motion and the record, that the movant is not entitled to relief, and the Court should enter an order summarily dismissing the Motion.[7] Title 11, Section 4201(c) provides a list of felonies that are designated by law as "violent felonies." The charge of Carrying a Concealed Deadly Weapon pursuant to 11 Del. C. §1442, is

---

[5] *See State v. Chao*, 2006 WL 2788180, at * 5 (Del. Super. Sept. 25, 2006) ("To protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim where a procedural bar exists.").

[6] *See* Super. Ct. Crim. R. 35(a).

[7] Super. Ct. Crim. R. 61(d)(5).

4

clearly enumerated within that list. According to the State's Motion to Declare Kiree A. Wise a Habitual Offender,[8] Defendant was convicted and sentenced in Case No. 1010004545, on May 2, 2011, on the charge of Carrying a Concealed Deadly Weapon. Attached as Exhibit C to the State's motion is a copy of the Attorney General Information demonstrating the charge was filed pursuant to 11 Del. C. §1442. Therefore, the 2011 conviction of CCDW qualified as a "violent felony."

Defendant's argument fails for a secondary reason. Defendant was also previously convicted of Noncompliance with Conditions of Bond, a Class E Felony, and Aggravated Possession, a Class D Felony. Defendant was found to be a habitual offender under 11 Del. C. §4214(a) which provides that "any person who has been 3 times convicted of *any felony* under the laws of this State....and who shall thereafter be convicted of a subsequent felony is declared to be an habitual criminal." (emphasis added). In consideration of the interplay of the various applicable statutes, Defendant was correctly declared to be a Habitual Criminal Offender under the laws of the State of Delaware because he was previously convicted of 3 felony offenses (both violent and non-violent).[9] As such, the trial court did not abuse its discretion, nor was Defendant illegally sentenced.

---

[8]  D.I. # 39.

[9]  D.I. # 40.

Defendant's claim of ineffective assistance of counsel could not be raised at an earlier stage in the proceedings.[10] In order to prevail on a claim of ineffective assistance of counsel, Defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[11] When a defendant has plead guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and would have insisted on going to trial.[12] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[13] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[14] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that

---

[10] *State v. Evans-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[11] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[12] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[13] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[14] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

lack merit.[15] As set forth above, neither the Court, nor counsel, erred in considering Defendant's CCDW conviction for purposes of the habitual offender determination. Counsel's conduct therefore did not fall below an objective standard of reasonableness nor was it deficient. Finally, because no error was made, and Defendant was sentenced in accordance with the Plea Agreement, Defendant cannot establish any actual prejudice resulted from the proceedings.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

Cc:   Prothonotary
      Joseph Grubb, Esquire
      Kiree Wise

---

[15] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).